DECISION
{¶ 1} Appellant, Travis Cantrell, entered a plea of guilty to two counts of aggravated vehicular homicide, one count of failure to stop after an accident and one count of operating a motor vehicle while under the influence of alcohol ("OMVI"). Appellant was sentenced to six years on each of the vehicular homicide charges and six months on the OMVI with all sentences to be served consecutively. Appellant timely filed a notice of appeal and sets forth the following assignment of error:
 {¶ 2} "The trial court abused its discretion in imposing consecutive sentences without making the requisite findings for consecutive sentences pursuant to R.C. 2929.14 and R.C. 2929.19(B)(2)(c), thereby depriving appellant of due process of law as guaranteed by theFourteenth Amendment to the United States Constitution."
 {¶ 3} Appellant argues that the trial court failed to comply with R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) by failing to make the required findings and giving reasons for those findings.
 {¶ 4} R.C. 2929.14(E)(4) provides:
 {¶ 5} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 6} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 7} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} At sentencing, the trial court found:
 {¶ 10} "The Court does determine or find that the shortest prison term will demean the seriousness of Mr. Cantrell's conduct, and further, that the shorted prison term will not adequately protect the public from future crime based on the facts that the Court has already stated. * * *
 {¶ 11} "* * *
 {¶ 12} "* * * [T]he history of the criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. And further, that the consecutive sentences are necessary to protect the public from future crime and to punish the offender, and that they are necessary and are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public." (Tr. at 16, 18.)
 {¶ 13} As to appellant's criminal history, the court noted that appellant had two prior convictions for OMVI in Kentucky. Therefore, the court fully complied with R.C. 2929.14(E)(4).
 {¶ 14} R.C. 2929.19(B)(2)(c) provides:
 {¶ 15} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 16} "* * *
 {¶ 17} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
 {¶ 18} The trial court gave the following reasons for imposing consecutive sentences:
 {¶ 19} "* * * Mr. Cantrell killed Jennifer Geiger and further * * * Mr. Cantrell killed Ernest Thompson. * * * Mr. Cantrell never stopped to offer any type of aid. His only concern appeared to be to escape the scene. * * * He drove for approximately two-and-a-half miles and pulled into a service station asking people if they could help him in getting a ride. * * * [H]is interest was only to preserve himself. * * *
 {¶ 20} "* * *
 {¶ 21} "* * * He was tested and he tested .209. In addition to this, he tested positive for marijuana metabolite.
 {¶ 22} "* * * [T]he Defendant's car collided with the stopped motor vehicle, the motorcycle, the rear tire and rim of the motorcycle collapsed and the rear rim dug into the pavement causing gouge marks. The impact was so great the Dodge Intrepid's air bags deployed. * * * Jennifer Geiger, who was the passenger on the motorcycle was ejected from the motorcycle and collided with the windshield and hood of the Dodge Intrepid. As the car continued the motorcycle was pushed down. As the motorcycle was pushed down the car started to override the motorcycle. Part of the front bumper began to come apart. It was then that the driver of the cycle, the motorcycle, Ernest Thompson, was pushed down with the motorcycle and he struck the head and front bumper. Mr. Thompson was dragged with the car, and the car proceeded through the intersection. As the car swerved to the right, Ms. Geiger was thrown from the car and she struck the left side of the car and fell freely to the asphalt.
 {¶ 23} "Mr. Thompson was freed from the car and he was run over by a tire of the car.
 {¶ 24} "Both victims were hit so hard that their shoes and boots were ripped from their feet and Mr. Thompson's ring was thrown from his finger.
 {¶ 25} "The State Highway Patrol study, the results determined that the Defendant was traveling a minimum speed of sixty-eight to seventy-six miles per hour. The impact speed was sixty-two to seventy miles per hour. The posted speed limit in this area is thirty-five miles per hour." (Tr. at 13-16.)
 {¶ 26} Therefore, the trial court fully complied with R.C.2929.19(B)(2)(c).
 {¶ 27} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.